UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

BOBBY JOE BURRIS,

      Petitioner,

        v.                                  CAUSE NO. 1:26-CV-196-HAB-ALT

WARDEN,

      Respondent.

OPINION AND ORDER

Bobby Joe Burris, a prisoner without a lawyer, filed a habeas petition challenging

his conviction and five year sentence by the Cass Superior Court under cause number

09D01-2404-F6-112. ECF 1. Under Section 2254 Habeas Corpus Rule 4, the court must

dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief in the district court."

In the petition, Burris raises three grounds, but acknowledges that none of them

have been exhausted by being presented to the Indiana Supreme Court. Before the court

can consider the merits of his habeas claims, they must have been exhausted in State

court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

> Inherent in the habeas petitioner's obligation to exhaust his state court
> remedies before seeking relief in habeas corpus, see 28 U.S.C. §
> 2254(b)(1)(A), is the duty to fairly present his federal claims to the state
> courts . . .. Fair presentment in turn requires the petitioner to assert his
> federal claim through one complete round of state-court review, either on
> direct appeal of his conviction or in post-conviction proceedings. This
> means that the petitioner must raise the issue at each and every level in
> the state court system, including levels at which review is discretionary
> rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.*

Before the court can dismiss a habeas corpus petition because it is unexhausted, it must "consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, a stay is not appropriate because Burris has time to exhaust his claims in State Court and then file a new federal habeas petition before the statute of limitation expires.

For habeas corpus petitions challenging State court convictions under 2254, there is a 1-year statute of limitations which runs:

> from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

2

claim is pending [is] not . . . counted toward [the] period of limitation under th[at] subsection." 28 U.S.C. § 2244(d)(2).

In his petition, Burris says he was sentenced on January 22, 2026, and he did not appeal. ECF 1 at 1. Therefore, his statute of limitation began to run no sooner than February 21, 2026, when his judgment became final 30 days after he was sentenced. *See* Indiana Rule of Appellate Procedure 9.A.(1). Thus he has nearly ten months before the 1-year period of limitation expires. When he files his post-conviction relief petition, the clock will stop. This gives him more than enough time to file a post-conviction relief petition and then new habeas corpus petition after his post-conviction relief petition has been fully resolved by the State courts.

Under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging Burris to proceed further in federal court until he has exhausted his claims in State court.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on April 27, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT